# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA RAYGOZA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00322-LJO-MJS<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**<br><br>**(ECF No. 32)** |

## I.     FACTS AND ISSUES

This is an excessive force/wrongful death case brought on behalf of Manuel Armenta, deceased, his widow and his children against the City of Fresno and two Fresno police officers. Fiona Raygoza proceeds as an individual Plaintiff, as successor to Manuel Armenta and as guardian ad litem for Manuel Armenta, Jr. Candeleria Sanchez proceeds as the guardian ad litem for minor Plaintiffs Isaiah, Ivan and Calah Armenta.

The action was filed March 5, 2013. On July 3, 2013, this Court ordered that non-expert discovery be completed by December 6, 2013.

Defendants served written discovery on Plaintiffs on August 19, 2013. Complete, verified responses were not provided by the initial or twice extended, October 11, 2013, deadline. Depositions of Raygoza and Sanchez did not go forward in November 2013 as scheduled because of the lack of responses to the written discovery and the fact that

1  Raygoza's whereabouts were unknown.

2  A Discovery Dispute Conference was held by the undersigned on November 21,
3  2013, to address these issues. The Court Ordered (ECF No. 27) complete responses to
4  written discovery by December 19, 2013, and gave Defendants until January 19, 2014
5  to conduct discovery triggered by the written responses.

6  Sanchez ultimately, but not timely, responded to the written discovery as
7  ordered. Raygoza did not. A second Discovery Dispute Conference was held January 6,
8  2014. Plaintiffs' counsel acknowledged an inability to locate Raygoza. He was
9  admonished that the obligation to move the case forward rested with him, and he was
10 forewarned that the failure of communication between him and his client would not be
11 permitted to prejudice Defendants. In its Order (ECF No. 31) the Court authorized
12 Defendants to move for sanctions against Raygoza for her failure to respond to
13 discovery.

14 Facing the Court's extended January 19, 2014, deadline for depositions,
15 Defendants scheduled both Raygoza's and Sanchez's depositions for January 10,
16 2014, in Fresno. Neither appeared. Raygoza's absence was expected given Plaintiffs'
17 counsel's acknowledged inability to locate her. Sanchez absence was unexpected.  She
18 knew the deposition had to be forthcoming, and her attorney had sent her written notice
19 of its time and place. Such written notice had been sufficient to secure her presence at
20 the previously scheduled deposition. Before the deposition, counsel also tried, without
21 success, to call her to confirm. Then, on the day of the deposition, he personally
22 traveled to two different possible residences to look for her. He learned later that she
23 had left word at his office that she had had to travel out of state for her sister's funeral
24 and would not be back until January 14, 2014.

25 Thus, defense counsel returned to his office in Santa Ana California empty-
26 handed and, given Court imposed deadlines, promptly filed this motion seeking
27 monetary and issue sanctions against both Raygoza and Sanchez (ECF No 32).
28 Plaintiffs filed opposition (ECF No. 35) and Defendants a reply (ECF No. 37.)

There is little of note in the moving and opposition papers beyond that referenced above and advice that Plaintiffs' counsel has now located Raygoza (in the Fresno County jail).[1] During the hearing on the motion, Plaintiffs' counsel advised that Raygoza had fully answered the written discovery and verified her responses, and he had mailed and emailed them to Defendants' counsel on February 27, 2014. Raygoza' declaration in opposition to the sanctions shows that while she is still in jail and expects to be there until April 29, 2014, she intends to pursue and participate in this litigation.

Defendants argue that Raygoza's failure to respond to written discovery and appear at her deposition and Sanchez' failure to attend her deposition warrant imposition of terminating sanctions against Raygoza and evidentiary and monetary sanctions against both Raygoza and Sanchez. More specifically, Defendants want the Court to strike the two Plaintiffs' discovery responses and to preclude either from providing any testimony in any form in this case. Defendants note, accurately, that they have timely and properly complied with all rules and met all deadlines in this case and been reasonably accommodating to Plaintiffs. They point out that they have been prejudiced insofar as Plaintiffs failures to comply have frustrated timely preparation of the defense case and caused them to expend time and effort, and hence attorney fees, needlessly. They seek recovery of $5,080.94 in monetary sanctions.

Plaintiffs' original counsel, to his credit, has been relatively forthright in acknowledging Plaintiffs' responsibility for the past failures and delays and taken steps to offset the harm done thereby. Thus, given the delays in producing, and related problems, with Plaintiffs' written discovery responses, Plaintiffs have waived all objections to them and clarified for the record the intended scope of the responses to

---

[1] The moving and opposition papers do reflect a credibility dispute regarding notice of Raygoza's whereabouts: Plaintiffs' counsel says, and Defendants' counsel disputes, that the latter knew Raygoza would not attend her January 10, 2014 deposition because he knew she was in jail. That claim is inconsistent with defense counsel's representations in connection with this motion. It also is inconsistent with Plaintiffs' counsel's January 6, 2014 representations to the Court that though he had heard Raygoza might be in jail, he really had no idea where she was. Resolution of the dispute is not necessary to this motion, but its existence adds to the Court's skepticism regarding Plaintiffs' explanations for delays and failures to date.

them. Given Sanchez's failure to appear at her deposition, counsel offered to bring her to be deposed at defense counsel's office in Santa Ana, California, at his own expense. He offers to do the same with Raygoza when she is released from jail.

Plaintiffs' explanation also seems to suggest that the problems and delays were attributable in large part to circumstances beyond the control of client or counsel. They argue, in effect, that any harm can be ameliorated and that the remedies sought by Defendants would effectively leave Plaintiffs without viable cases. They argue that such extreme remedies would be too harsh given the parties clear desire to pursue their cases and their commitment to do so in a timely and corrective fashion.[2]

## II. **APPLICABLE LAW**

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." *Fed. R. Civ. P. 37(b)(2)(A)*. "Just orders" may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceedings in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* The Ninth Circuit explained, "*Federal Rule of Civil Procedure 37* authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.*

---

[2] Plaintiffs also argue that Defendants could have and should have, but did not, meet and confer about making Sanchez available to be deposed in Santa Ana. They also object to Defendants' failure to seek and obtain this Court's permission to include a request for relief from Sanchez with their authorized motion against Raygoza. The Court finds that the circumstances and Defendants' ongoing efforts to meet existing deadlines essentially compelled them to act as, and as quickly as, they did. The alternative would have produced nothing of benefit to Plaintiffs or to the Court.

*J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)). In addition, *Rule 37* provides for an award of monetary sanctions: "[T]he court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 37(b)(2)(C)* (emphasis added). Notably, "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1343 (9th Cir. 1985)* (citing *Lew v. Kona Hospital, 754 F.2d 1420, 1427 (9th Cir. 1985)*; *Marquis v. Chrysler Corp., 577 F.2d 624, 642 (9th Cir. 1978))*.

**III.    DISCUSSION AND ANALYSIS**

    **A.    Issue sanctions**

The appropriateness of a sanction is within the discretion of the Court. However, the Ninth Circuit has identified factors that the courts should consider in determining the appropriateness of discovery sanctions. See *Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997)* (citing *Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990))*. In *Wendt*, the court addressed the propriety of a preclusion order barring the introduction of expert testimony as a sanction against the plaintiffs' former counsel for failure to disclose damage evidence and for the untimely disclosure of expert witnesses. The Ninth Circuit considered the following factors: "1) [T]he public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." *Id.*

Here, there is no question that Plaintiffs have caused measureable delay in the progress of this case and have frustrated Defendants' preparation of their defense. Plaintiffs' only justification is to suggest that the problems and delays have been attributable to circumstances beyond their control. That argument is not compelling. No one but Raygoza is responsible for her running afoul of the law and ending up in jail.

Her attorney must accept responsibility for not having arranged a way to communicate with her, a client who apparently was having problems with homelessness and the law from the beginning. He must accept responsibility for not tracking her down and locating her sooner after he had been told she might be in jail. There is nothing to suggest that information was not available to him for the asking.

As to Sanchez' failure to appear at her deposition, certainly an unexpected death in the family is justification for rescheduling. But again, it is counsel's obligation to ensure he has and maintains a current and ongoing means of communication with his own client.

The Court believes that the failure of the Plaintiffs and their counsel to see that they carried out their respective responsibilities as litigants and officers of the Court could justify issue preclusion sanctions. However, the fact that a sanction can be imposed does not necessarily mean that it should be. "The Ninth Circuit gives 'particularly wide latitude to the district court's discretion to issue sanctions under *Rule 37(c)(1)*.'" *Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 544 (N.D. Cal. 2009)* (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); see also *Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093, 1102 (9th Cir. 1981) (as modified) ("The decision whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court.").

To issue the preclusion sanctions requested by Defendants could effectively dispose of Plaintiffs' cases. As the Ninth Circuit explained in *Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)*,

> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." [Citation omitted.] While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice.

Here, considering the five-factor test articulated in *Wendt*, the Court concludes

1 that imposition of evidence sanctions would be inappropriate. The prejudice to
2 Defendants from Plaintiffs' dilatory conduct can be remedied by allowing Defendants
3 (only) additional time to complete discovery at no extra expense to Defendants and by
4 having Plaintiffs reimburse the defense for the expense of having had to bring this
5 motion. The delay to date, though troublesome and needlessly work-producing for an
6 already too busy Court, has not been so significant as to entirely frustrate the public's
7 interest in expeditious resolution of cases or the Court's management of its docket.
8 Given that less drastic measures are available to avoid real prejudice to Defendants,
9 none of the five *Wendt* factors can be said to weigh heavily in favor of issue sanctions.
10 Finally, and perhaps most significantly, barring Raygoza and Sanchez from providing
11 any testimony in any form would punish the minors for whom they appear and likely
12 emasculate the claims of those minors despite the absence of any evidence of any fault
13 or delay by them.

**B.     Monetary sanctions**

15     Defendants have also requested $5,080.94 in monetary sanctions as the cost of
16 preparing for and traveling to Fresno for the scheduled depositions of Raygoza and
17 Sanchez, the cost of the Certified Shorthand Reporter for those depositions, and the
18 fees incurred in bringing and arguing this motion telephonically.[3]
19     A party seeking the award of attorney fees "must submit evidence to support the
20 number of hours worked and the rates claimed." *Global Ampersand, LLC v. Crown*
21 *Eng'g & Construction, 261 F.R.D. 495, 502 (E.D. Cal. 2009)* [*29] (citing *Van Gerwen v.*
22 *Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000))*. The Ninth Circuit has
23 adopted the "lodestar" approach for assessing the award of attorneys' fees, under which
24 "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party
25 reasonably expended on the litigation by a reasonable hourly rate." *Camacho v.*
26 *Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008)* (quoting *Ferland v. Conrad*

---

[3] Defendants estimated an additional $2000.00 in fees and costs if counsel had to travel to Fresno to argue the motion. The motion hearing was conducted telephonically.

7

1 *Credit Corp., 244 F.3d, 1145, 1149 n.4 (9th Cir. 2001))*. This Court has applied the
2 "lodestar" method to the award of attorney fees under *Rule 37*. *See, e.g., Global*
3 *Ampersand, 261 F.R.D. at 502; Tandel v. Kings Arco Arena Ltd. P'ship, 2012 WL*
4 *244151, at *2-3 (E.D. Cal. Jan. 25, 2012).*

5         1.    <u>Fees in conjunction with the motion for sanctions</u>

6 Defendants' counsel asserts he spent ten hours preparing this motion. He
7 estimated approximately one additional hour would be spent preparing for and attending
8 the hearing telephonically. His claims an hourly rate of $185.00. Total fees sought for
9 having to bring the motion thus total $2035.

10 Plaintiffs do not specifically dispute the reasonableness of the time spent or the
11 hourly rate. The Court finds both reasonable, particularly insofar as it appears the ten
12 hour estimate included time in preparing a reply brief. Defendants are entitled to this
13 award pursuant to Rule 37 as against Plaintiffs' Snachez and Raygoza and their
14 attorneys..

15         2.    <u>Fees and costs incurred in connection with Plaintiffs' failures to</u>
16 <u>appear at depositions</u>

17 *Rule 37(b)(2)(C)* allows for an award of monetary sanctions for a party's failure to
18 comply with a discovery order. It states that the Court "must order the disobedient party,
19 the attorney advising that party, or both to pay the reasonable expenses, including
20 attorney's fees, caused by the failure, unless the failure was substantially justified or
21 other circumstances make an award of expenses unjust." Plaintiffs have the burden to
22 demonstrate the failure was substantially justified or that the award of fees would be
23 unjust. See *Yeti by Molly, Ltd., 259 F.3d at 1106*. Plaintiffs have not met that burden.
24 In this regard, Defense counsel has itemized the expenses he incurred in
25 traveling to the depositions which did not take place and in compensating the Court
26 Reporter for her time at the frustrated deposition session. The reporter's fees produced
27 nothing of benefit to Defendants, but still had to be paid by them. Accordingly, Plaintiffs
28 Sanchez and Raygoza and their counsel shall be ordered to reimburse Defendants

1  $536.75 therefor.

2  Additionally, it appears that Defense counsel sat idly by from 9:00 AM to 10:30 AM while Plaintiffs' counsel searched unsuccessfully for his missing client. The defense is awarded sanctions as against Plaintiffs' and their counsel in the amount of $277.50 for that loss of time.

6  The Court finds that it would be unjust to award any additional fees or costs (i.e., beyond the forfeited $536.75 of certified shorthand reporter time and the $277.50 of forfeited attorney time) for Plaintiffs' failure to appear at their depositions **if** (and only if) Plaintiffs' fully comply with the other terms of this Order and thereby enable Defendants' to avoid otherwise unnecessary expense.

11  Had the depositions gone forward as scheduled, the time and expense defense counsel spent traveling to and from the deposition would have had to been incurred. If those depositions now go forward without Defendants having to duplicate that expense, the cost of deposing Plaintiffs will not increase. Plaintiffs' counsel has offered to transport his two clients to be deposed at a reasonable time and place at or near defense counsel's office in Southern California. If he accomplishes that, the defense will have been made even. If he does not do so or otherwise make Plaintiffs available at no expense to Defendants within the times and in the manner discussed on the record and ordered below, the Court will revisit the issue and consider more appropriate sanctions including issue preclusion and terminating sanctions.

21  During the hearing on this motion, Plaintiffs' counsel noted that Raygoza remained confined in the Fresno County jail with an expected release date "in early April." He asked that the time for her deposition be extended to accommodate that release so he could then bring her to Southern California to be deposed. The Court, observing that Raygoza's declaration puts her "early April" release date at April 29, 2014, advised it would not delay the discovery that long. The deadline for percipient witness discovery has twice before been extended for a total of about three months and it is here being extended yet an additional month. It will not be extended further. It is

incumbent on Plaintiffs and their counsel to do what is necessary to see that discovery of Plaintiffs is completed by the end of this month and in accordance with the terms of this Order. It may be that Plaintiffs will need to take steps to get defense counsel to Fresno at Plaintiffs' expense and ensure that Raygoza's deposition can and will be taken at that time, even if it must be taken in jail. Plaintiffs must do what is necessary to move this case along. This is their case. They chose to file it. Plaintiffs' counsel in particular have a duty to their clients, to Defendants and to the Court to ensure it moves along timely and in accordance with the Court's orders. They have not done so. The Court has seen nothing to suggest they have made any real effort to do so. Raygoza's circumstances make it incumbent upon them to act now even if extra steps prove necessary to enable them to carry out their duties and they incur additional expense in doing so..

Defendants also note that the delays in discovery have prevented, and continue to prevent, them from preparing their expert witness, Dr. Robert Sbordone, and his report. Accordingly, the deadline to submit that expert's *Rule 26* report shall be April 11, 2014 and he shall be produced for his deposition, if noticed by Plaintiffs, on or before April 25, 2014, so as to ensure him a reasonable opportunity to review the transcripts of the Raygoza and Sanchez depositions and prepare a supplemental *Rule 26* report and prepare to be deposed.

Similarly, the time for Defendants to review the Raygoza and Sanchez depositions and, if appropriate, file a dispositive motion, shall be extended to May 2, 2014 and the last day for hearing any such defense motion shall be May 30, 2014. These delays, in turn, necessitate moving the date of the Pretrial conference to July 17, 2014, and the trial to September 9, 2014.

**IV.   CONCLUSION AND ORDER**

For the reasons stated above and on the record during the February 28, 2014, hearing on Defendants' motion for sanctions, the Court grants Defendants' motion in part and Orders as follows:

1) Prior to March 22, 2014, Plaintiffs' counsel shall make Candeleria Sanchez (guardian ad litem for minor Plaintiffs Isaiah, Ivan and Calah Armenta) available at her sole expense to be deposed by Defendants' counsel at a Santa Ana, California, area location and time reasonably selected by Defendants' counsel;

2) Prior to March 28, 2014, Plaintiffs' counsel shall similarly make Fiona Raygoza (Plaintiff individually, as successor to Manuel Armenta and as guardian ad litem for Manuel Armenta, Jr.) available under the same terms and conditions, above, as Candeleria Sanchez is to be made available, or, alternatively, Plaintiffs' counsel shall take all steps necessary to arrange for said Fiona Raygoza otherwise to be deposed outside the Santa Ana area at a time prior to March 28, 2014 and shall pay or cause to be paid Defendants' counsels' reasonable out-of-pocket expenses and time incurred in traveling to and from said deposition;

3) The deadline for submission of the *Rule 26* report of Defendants' expert Dr. Robert Sbordone shall be continued to April 11, 2014, and he shall be produced for his deposition, if noticed by Plaintiffs, on or before April 25, 2014;

4) The deadline for Defendants to file dispositive motions shall be extended to May 2, 2014, and the hearing on Defendants' dispositive motion, if any, shall be heard on May 30, 2014;

5) The Pretrial Conference shall be held in Courtroom 4, at 8:30 AM, July 17, 2014;

6) The trial is now scheduled to commence in Courtroom 4 at 8:30 AM, September 9, 2014;

7) All otherwise existing deadlines remain in place and fully applicable;

8) Defendants are awarded against Plaintiffs Raygoza and Sanchez and their counsel, jointly and severally, attorney fees in the amount of

        $2035.00 as the cost of having had to file this motion, $277.50 as reimbursement for attorney fees incurred attending the January 10, 2014, Sanchez deposition which did not take place, and $536.75 as reimbursement for the cost of having a Certified Shorthand Reporter attend the scheduled January 10, 2014, depositions;

9) The Court reserves judgment as to other remedies sought by Defendants' in connection with this motion; and,

10) A telephonic Status Conference will be held at 9:30 AM, April 4, 2014, to evaluate compliance with this Order and determine if further remedies and/or sanctions are appropriate.

IT IS SO ORDERED.

Dated:   March 5, 2014                    /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE