1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10   FIONA RAYGOZA, individually and as        )   No. 1:13-CV-00322-LJO-MJS
     successor-in-interest to MANUEL           )
11   ARMENTA, deceased; ISAIAH                 )
     ARMENTA; (a minor by and through his      )   **PROTECTIVE ORDER**
12   Guardian Ad Litem, Candeleria Sanchez)    )   **REGARDING POLICE**
     IVAN ARMENTA; (a minor by and             )   **OFFICER   PERSONNEL**
13   through his Guardian Ad Litem,            )   **RECORDS OF OFFICER KENT**
     Candeleria Sanchez) CALAH                 )   **PICHARDO**
14   ARMENTA; (a minor by and through her      )
     Guardian Ad Litem, Candeleria Sanchez)    )
15   MANUEL ARMENTA, JR.; (a minor by          )
     and through his Guardian Ad Litem, Fiona  )
16   Raygoza),                                 )
                                               )
17              Plaintiffs,                    )
                                               )
18   v.                                        )
                                               )
19   CITY OF FRESNO, a municipal               )
     corporation; JERRY DYER, KENT             )
20   PILCHARDO and DOES 1 through 50,          )
     inclusive,                                )
21                                             )
                Defendants.                    )
22   _____        )

23

24        IT IS HEREBY ORDERED AS FOLLOWS:

25   **I.    Scope**

26        This Protective Order shall govern the personnel records, or information

27   therefrom, of Officer Kent Pichardo, or records pertaining to Officer Kent Pichardo

28   as defined by <u>California Penal Code</u> §§ 832.5, 832.7 and/or 832.8, that are in the

     possession of the City of Fresno or in the possession of any other public entity.

1   This Protective Order shall govern all documents, or information therefrom,

2   produced or disclosed in this Action by one party (the "Designating Party") to the

3   other party (the "Receiving Party").

4   **II.   Confidential Information**

5          A.    "Confidential Information" means:

6                 1.    Any information contained in a document that is stamped with

7                       "Confidential" or "Confidential - Subject to Protective Order,"

8                       which is defined in Section III.A. below; or

9                 2.    Any information contained in a document that is stamped with

10                      "Confidential - Attorney's Eyes Only," which is defined by

11                      Section III.B. below.   For the specific purposes of this

12                      Stipulation, all documents provided by way of the proposed

13                      Protective Order dealing with peace officer personnel files will

14                      be designated as "Confidential - Attorney's Eyes Only" as

15                      described in Section VIII.B. below.

16         B.    "Confidential," "Confidential - Subject to a Protective Order," or

17  "Confidential - Attorney's Eyes Only" shall be stamped on only those portions

18  and/or pages of discovery that qualify as confidential pursuant to this stipulation.

19  **III.   Permissible Disclosure of Confidential Information**

20         A.    "Confidential" Information

21                1.    Subject to Paragraph 5, the Receiving Party may show and

22                      deliver documents stamped with "Confidential" or "Confidential

23                      - Subject to Protective Order" to the following people:

24                      a.    Parties and their counsel including attorneys, paralegals,

25                            stenographic and clerical staff employed by such counsel;

26                      b.    Stenographic    employees,    court    reporters    and

27                            videographers recording or transcribing testimony in this

28                            Action;

c.    The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

d.    Any outside consultant to expert (and any employees thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

e.    Subject to Sections IV.C., IV.D., and IV.E., any witness during a deposition.

B.    "Confidential Information - Attorney's Eyes Only"

    1.    Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential - Attorney's Eyes Only" to the following people:

a.    Attorneys, paralegals, stenographic and clerical staff employed by such counsel;

b.    The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

c.    Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

d.    Any outside consultant or expert whether formally retained or not; and

e.    Subject to Sections IV.C., IV.D., and IV.E., any witness during a deposition.

    2.    In the event the Plaintiff's relationship with his attorney terminates and he is in a "pro per" status, all "Confidential - Attorney's Eyes Only" materials shall be immediately returned to

[Proposed] Protective Order
re: Peace Officer Personnel Files                     3                     No. 1:13-CV-00322-LJO-MJS

1    the Designating Party from the Receiving Party and, in no event,

2    shall copies of that material be provided to the Plaintiff without a

3    court order.

4        C.    If the Receiving Party provides Confidential Information to any person

5    entitled to such information by the terms of this Order, such person shall be provided

6    with a copy of the fully executed Protective Order, which he or she shall read.

7    Upon reading the Protective Order, such person shall sign a Certification, the form

8    annexed hereto as Exhibit A, acknowledging that he or she has read the Protective

9    Order and shall abide by its terms.   The Receiving Party shall retain all executed

10   Certifications until the end of the instant litigation and shall provide a copy of the

11   executed Certifications to the Designating Party within ten (10) days of request.

12   The Court and its personnel may, however, view any confidential information

13   without having to sign the Certification as defined by this Section.

14       D.    The instant litigation is at an end when:

15           1.    A final judgment has been entered by the Court or the case has

16               otherwise been dismissed with prejudice;

17           2.    The time for any objection to or request for reconsideration of

18               such a judgment or dismissal has expired;

19           3.    All available appeals have concluded or the time for such

20               appeals has expired; and

21           4.    Any post appeal proceedings have themselves concluded.

22   **IV.**   **Use of Confidential Information**

23       A.    Confidential Information shall only be used for preparing for and

24   prosecuting this case pending the completion of the judicial process, including

25   appeal.   No person to whom this information is disclosed shall cause or permit it to

26   be used for any other purpose.

27       B.    Notwithstanding any other provisions hereof, nothing herein shall

28   restrict any party's counsel from rendering advice to its client with respect to this

1   Action and, in the course thereof, relying upon Confidential Information provided

2   that in rendering such advice, counsel shall not disclose the other party's

3   Confidential Information other than in a manner provided for in the Protective

4   Order.

5   C.   If Confidential Information is used, in any depositions taken in this

6   matter, only those portions of the depositions that qualify for protection under the

7   Federal Rules of Civil Procedure, Rule 26(c) should be designated for protection.

8   The portion of the original transcript of the deposition, and all copies thereof shall be

9   stamped "Confidential - Subject to Protective Order" or "Confidential - Attorney's

10  Eyes Only" depending on the nature of the Confidential Information used.   If any

11  portions of the deposition transcript and/or video or audio versions of the

12  depositions containing Confidential Information, or references thereto, are filed with

13  the Court, it shall be done in compliance with Section VII.A. of the Protective Order.

14  D.   A copy of this Order shall be attached as an exhibit to said deposition

15  transcript and the court reporter shall be subject to said Order and precluded from

16  providing the original or copies of the deposition transcript or portions thereof, any

17  copies thereof, or portions thereof, to any persons or entities other than counsel of

18  record in the instant action.   Furthermore, any audiotape and/or videotape of said

19  deposition shall be subject to the Protective Order.   A copy of the Protective Order

20  shall be attached as an exhibit to said audiotape and/or video tape and the court

21  videographers shall be subject to the Protective Order and precluded from providing

22  the original deposition videotape or portions thereof, any copies thereof, or portions

23  of copies thereof, to any persons or entities other than counsel of record.   Any

24  audiotape shall similarly be subject to the Protective Order and all persons shall be

25  precluded from providing the original deposition audiotape or portions thereof, any

26  copies thereof, or portions of copies thereof, to any persons or entities other than

27  counsel of record in the instant litigation.

28  E.   Additionally, anyone other than the following persons shall be

1  precluded from attending any deposition whereat any Confidential Documents or

2  Confidential Information therein are used: the receiving party, the disclosing party,

3  any parties' counsel, the court reporter, the court videographers, if any, and any of

4  the named parties in this action.   In the event that Confidential Information marked

5  "Attorney's Eyes Only" is to be used in the deposition, then the receiving party or

6  parties shall be excluded from the deposition; however, counsel for the receiving

7  party or parties shall continue to be permitted.   Those attending any depositions

8  using Confidential Documents shall not disclose to any person or entity not

9  otherwise entitled to the Confidential Information, in any manner, including orally,

10  any statements made by the deponents during the course of said depositions

11  referencing Confidential Information, and any such disclosure shall be construed as

12  a violation of the Protective Order.

13  **V.**    **Protection of Confidential Information**

14        A.     Counsel shall take all reasonable and necessary steps to ensure the

15  security of any Confidential Information and will limit access to Confidential

16  Information to only those persons authorized by the Protective Order.

17        B.     Any party that is served with a subpoena or other request for production

18  of Confidential Information produced by the other party must immediately give

19  written notice of such subpoena or other notice to the original Designating Party so

20  as to afford the original Designating Party an opportunity to obtain an order barring

21  the production or other disclosure of Confidential Information.   Upon receiving

22  such notice, the original Designating Party shall bear the burden of opposing, if it

23  deems appropriate the subpoena or request for production; however, the Receiving

24  Party shall bear the costs and the attorneys fees of the Designating Party in the event

25  the Receiving Party is still in possession of the materials after such time as the

26  documents should have been returned or destroyed as detailed in Paragraph 14

27  below.   In no event should production or disclosure be made without written

28  approval by the original Designating Party unless required by Court order arising

---

[Proposed] Protective Order
re: Peace Officer Personnel Files          6          No. 1:13-CV-00322-LJO-MJS

1  from a motion to compel production or disclosure of Confidential Information.
2  Additionally, nothing in the Protective Order should be construed to excuse any
3  party from obeying a lawfully issued subpoena or process.

4        C.     No more than thirty (30) calendar days after the end of litigation (as
5  defined *infra* in Paragraph 6) in the instant case, the Receiving Party, and every other
6  person and/or entity who received Confidential Information shall (1) destroy such
7  documents and any copies thereof and provide written notification of such
8  destruction to the producing party or (2) return such documents and any copies
9  thereof to the producing party.

10  **VI.**   **Challenges to Designation**

11        Any party may object to the propriety of the designation of Confidential
12  Information by serving a written Objection to the designation.   The objecting party
13  must do so sufficiently in advance of the discovery cut-off date to permit compliance
14  with the Federal Rules of Civil Procedure and Local Rules in noticing a motion
15  regarding the confidentiality designation for hearing prior to the discovery cut-off
16  date.   All subsequent proceedings related to such a challenge will be in accordance
17  with Local Rules.

18  **VII.**   **Filing Confidential Information in Court Records**

19        A.     Documents covered by this protective order may be filed under seal
20  *only* upon written order of the Court.  Any party requesting the authority to file
21  documetns under seal must comply with the Local Rules of the United States
22  District Court Eastern District of California, Rule 141.   Any documents authorized
23  to be filed under seal will remain sealed unless the Court orders the documents to be
24  unsealed in accordance with Local Rule 141(f).

25        B.     Nothing herein shall prejudice any parties' rights to object to the
26  introduction of any Confidential Information into evidence, on grounds, including,
27  but not limited to, relevance and privilege.

28  **VIII.**  **Miscellaneous Provisions**

1    A.    It is expressly understood by and between the parties that, in producing

2    Confidential Information in this litigation, the parties are relying upon the terms and

3    conditions of the Protective Order.

4    B.    It is expressly understood by and between the parties, and stipulated

5    thereto, that only those portions of documents or information originating out of any

6    personnel file, as defined by <u>California Penal Code</u> §§ 832.5, 832.7 and 832.8, of

7    Defendant Officer Kent Pichardo, or any other City of Fresno Police Officer, will be

8    designated as "Confidential - Attorney's Eyes Only."

9    C.    It is expressly understood by and between the parties, and stipulated

10    thereto, that the relevant time period for any documents or information therefrom

11    originating out of any personnel file will be from the date of the event to five (5)

12    years before the event as directed by <u>California Evidence Code</u> § 1045(b)(1), or

13    from May 13, 2007 to May 12, 2012.

14    D.    It is expressly understood by and between the parties, and stipulated

15    thereto, that any documents or information originating out of any personnel file, as

16    defined by <u>California Penal Code</u> §§ 832.5, 832.7 and 832.8, of Defendant Officer

17    Kent Pichardo will include only citizens' complaints alleging Officer Pichardo used

18    excessive and/or unreasonable force, without any suggestion that these documents

19    exist at all and with any personal information such as address, phone numbers, social

20    security numbers, etc., redacted.

21    E.    The Parties make no concessions as to the admissibility of such

22    information or documents disclosed by way of this Order and reserve the right to

23    seek exclusion of any such information or documents or their existence either *in*

24    *limine* or during trial.

25    F.    No amendment or modification, as agreed to between the parties, shall

26    have the force or effect of the Protective Order unless the Court approves it.   This

27    Protective Order shall continue in force until amended or superseded by express

28    order of the Court, and shall survive any final judgment or settlement in this Case.

1  **IX.**   **Disclosure**

2         The Defendants are to disclose any documents subject to this Protective Order

3  within three (3) days of the Court's entry of the Order.

4

5  IT IS SO ORDERED.

6       Dated:   ___April 14, 2014___          ___/s/ *Michael J. Seng*___

7                                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3   I, _____, do solemnly swear that I am fully

4   familiar with the terms of the Stipulated Protective Order entered in this action,

5   *Raygoza, et al. v. City of Fresno, et al*, Case No. CV 13-00322 LJO (MJSx), and

6   hereby agree to comply with and be bound by the terms and conditions of the said

7   Protective Order with respect to the handling, use and disclosure of each

8   Confidential Document.  I hereby consent to the jurisdiction of said Court for

9   purposes of enforcing this non-disclosure Protective Order.

10

11   Dated: _____        Signature: _____

12                                  Print Name: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28